[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RESPONSE TO DEFENDANT'S MOTIONS TO ARTICULATE
1. The court took into consideration 46b-82 and 46b-84 of the General Statutes and the Family Support Guidelines as mandated by the provisions of 46b-215b.
2. Yes.
3. The fees as provided in paragraph eight shall first be deducted from the Warren fee and paid to defense counsel when the Warren fee is received.
4. Yes. See corrected memorandum of decision.
5. Yes.
6. See corrected memorandum of decision.
CORRECTED MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION
The court, partially in response to the defendant's Motion for Articulation and partially on its own motion, CT Page 1717 corrects its memorandum of decision dated January 7, 1993 as follows:
 3. The plaintiff is in arrears for unallocated alimony and support as of December 31, 1992 in the amount of $725.00. The court previously ordered $725.00 to be paid on January 1, 1993. This, if paid, will make a total arrearage of $875.00. The court orders the arrearage to be paid in an amount of $175.00 over the next five (5) payment dates.
 5. The previous orders regarding medical and dental insurance shall remain in full force and effect. The defendant shall have the benefit of the provisions of 46b-84(c) of the General Statutes.
 9. Provided the conditions of paragraph one hereof are still in effect, that is: that neither of the parties have died, that the defendant has not remarried, the oldest child has not reached the age of eighteen, or none of the children have died, the plaintiff shall pay, upon receipt thereof, to the defendant as unallocated alimony and support one half of the fee he receives on the Warren estate, after deducting the $5,000.00 provided in paragraph eight hereof and deducting one half the self-employment tax attributable to that fee only.
 It is contemplated that the plaintiff will receive his entire fee in the warren estate before December 31, 1993. If the fee has not been received before February 6, 1994 or if any of the conditions set forth herein appertain, the parties shall return to court for further orders.
 11. For so long as the orders remain that the plaintiff pay unallocated alimony and support, that is: for the year 1993 and until further modification, the defendant shall be entitled to the dependency exemptions for the minor children.
 13. The plaintiff shall submit a monthly income statement to the defendant on or before the tenth day of each succeeding month for the year 1993 and subsequent years and a copy of his income tax return each year within forty-eight (48) hours of the filing of the original with the Internal Revenue Service. The monthly income statements and the copy of the income tax returns shall he certified by the CT Page 1718 plaintiff as true copies.
EDGAR W. BASSICK, III, JUDGE